IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE LORENZANO,

    Plaintiff

  v.                                                       CIVIL NO. 3:17-CV-414

HALLIE REIHART,               (Judge Conaboy)

    Defendant

## MEMORANDUM
### Background

    Andre Lorenzano, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania (SCI-Huntingdon) filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 Plaintiff has also submitted an in forma pauperis application which will be granted for the sole purpose of the filing of this action with this Court.

    Named as sole Defendant in the rambling, at times repetitive complaint is Hallie Reihart, who is described as being an SCI-Huntingdon Licensed Practical Nurse (LPN).[1] Lorenzano asserts that Reihart is often responsible for the distribution of medication to inmates and has an admitted history of filing false reports.[2] The Complaint adds that

---

[1] There are two different spellings listed for the Defendant, Reihart and Ritchey. See Doc. 1-1.

[2] The Plaintiff references a 2008 incident in which the Defendant admitted to making a false administrative report.

1

Plaintiff suffers from asthma for which he receives medication including an inhaler.

Plaintiff states that since arriving at SCI-Huntingdon in 2014 he has repeatedly had problems with the Defendant's "mouth + disposition." Doc. 1, ¶ IV(1). After filing administrative complaints beginning in 2015 against Reihart, Lorenzano contends that the Defendant retaliated against him by making false statements and filing false reports, specifically two baseless misconduct charges. It is noted that here is no discernible claim that the prisoner was denied needed medical care by the Defendant.

Lorenzano indicates that as a result of an initial falsified misconduct charge initiated by Reihart and a co-worker, he was allegedly placed in the prison's Restricted Housing Unit (RHU) and spent thirty (30) days in disciplinary confinement. See id., p. 5. The Defendant filed a second misconduct charge against the Plaintiff which is described as being falsified and retaliatory. It is also vaguely alleged that Reihart subjected Lorenzano to verbal abuse. The Complaint seeks compensatory damages for emotional distress and injunctive relief.

## Discussion

**Standard of Review**

When considering a complaint accompanied by a motion to

proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

In order to state a viable civil rights claim a plaintiff must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984). Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie those claims set forth in the Complaint. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).[3]

---

[3] The United States Supreme Court in Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993), noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id.

3

Although pro se litigants are afforded liberal treatment, Haines v. Kerner, 404 U.S. 519, 520 (1972), based upon the deficiencies outlined herein the Complaint is subject to dismissal.

**Emotional Injury**

Lorenzano's complaint asserts in part that he is seeking an award of monetary damages for emotional distress. See Doc. 1, ¶ V. For the reasons outlined below, Lorenzano is not entitled to recover compensatory damages for mental anguish or emotional injury.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court of Appeals added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm. Under the standards announced in Allah, Lorenzano's request for monetary relief to the extent that it seeks compensatory damages for emotional and

4

psychological injuries caused by LPN Reihart is barred by Section 1997e(e).

**Verbal Abuse**

Plaintiff partially alleges that the Defendant subjected him to verbal abuse. There is no assertion that any of the alleged acts of verbal harassment was accompanied by any physical force.

The use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners'

Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008); Wright v. O'Hara, 2004 WL 1793018 *7 (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment attributed to LPN Reihart was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is not alleged that the alleged verbal abuse was accompanied by any use of physical force.

Given the circumstances described by Plaintiff, the purported verbal harassment attributed to LPN Reihart, although

6

perhaps offensive, was not of such magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation.

**Disciplinary Confinement**

With respect to the allegation that the Defendant violated Plaintiff's constitutional rights by subjecting him to a thirty day (30) period of disciplinary confinement, the Fourteenth Amendment prohibits the states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

According to exhibits accompanying the Complaint, Plaintiff was issued a misconduct charge on July 23, 2016 charging him with being in an unauthorized area and breaking a restriction. The charge was issued by a non-defendant correctional officer but listed the Defendant as being a witness. See Doc. 1-1, Exhibit 8. Although it is unclear from the Plaintiff's filings as to whether he was found guilty of the charge, the prisoner does contends that he spent thirty (30) days in disciplinary confinement as a result of the misconduct.

On October 22, 2016, Plaintiff was issued a misconduct by the Defendant which charged him refusing to obey an order and being in an unauthorized area. See id. at Exhibit 15. This misconduct was dismissed with prejudice by the presiding hearing

examiner because it was determined that the Defendant and a correctional officer involved in the incident were under the mistaken impression that Plaintiff did not have a pass for the pill line and was on cell restriction, when in fact the inmate did have a pass for the pill line. See id. at p. 41. Prison officials further reviewing the matter concluded that there was no basis for a finding that the misconduct was issued in retaliation. See id.

In order to determine whether a due process violation has occurred, an initial determination must be made that a protected liberty interest exists and, if so, the next step is to define what process is mandated to protect it. See Sandin v. Conner, 515 U.S. 472, 484 (1995). A protected liberty interest may be created by either the Due Process Clause itself or by state law. Id. Due process requirements apply only when the prison officials' actions impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Conversely, there can be no due process violation where there is no protected liberty interest.

The United States Supreme Court in Sandin, shifted the focus of liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. In Sandin, the Supreme Court reasoned, *inter alia*, that

"[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. Courts within this circuit, applying Sandin in various actions, have found no merit in due process claims presented regarding short term institutional disciplinary custody placement. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002)(because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); Griffin v. Vaughn, 112 F.3d 703, 706-08 (3d Cir. 1997)(no liberty interest in avoiding fifteen (15) month placement in administrative custody because said confinement was not atypical); Smith v. Mensinger, 293 F.3d 641, 645, 654 (3d Cir. 2002)(seven (7) months of disciplinary confinement did not implicate liberty interest).

Considering the rules of law set forth in Sandin and the subsequent line of decisions by the Third Circuit Court of Appeals, this Court finds that Plaintiff's action to the extent that it alleges that he was subjected to a baseless disciplinary charge is meritless because the resulting period of disciplinary confinement did not implicate a protected liberty interest. See Pressley v. Johnson, 268 Fed. Appx. 181, 184 (3d Cir. 2008)("360 days of disciplinary custody does not constitute an atypical and significant hardship in relation to the ordinary incidents of

prison life.").

**Retaliation**

Plaintiff next contends that he was subjected to two false misconduct charges by LPN Reihart in retaliation for initiating grievances against the Defendant. As previously discussed Plaintiff was issued a misconduct charge on July 23, 2016 charging him with being in an unauthorized are and breaking a restriction. The charge, which resulted in Plaintiff serving a thirty (30) day period of disciplinary custdy, was issued by a non-defendant correctional officer but listed the Defendant as being a witness. See Doc. 1-1, Exhibit 8.

On October 22, 2016, Plaintiff was issued a misconduct by the Defendant which charged him refusing to obey an order and being in an unauthorized area. See id. at Exhibit 15. This misconduct was dismissed with prejudice by the presiding hearing examiner because it was determined that the Defendant and a correctional officer involved in the incident were under the mistaken impression that Plaintiff did not have a pass for the pill line and was on cell restriction, when in fact the inmate did have a pass for the pill line. See id. at p. 41. Prison officials further reviewing the matter concluded that there was no basis for a finding that the misconduct was issued in retaliation. See id.

"Retaliation for the exercise of a constitutional right is itself a violation of rights secured by the Constitution." White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990); Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)(a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied, only that the challenged actions were motivated in substantial part by a desire to punish him for the exercise of a constitutional right).

The filing of a disciplinary charge, although not otherwise actionable under § 1983, is actionable if done in retaliation for an inmate's filing of a grievance pursuant to established procedures. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); see also Newsom v. Norris, 888 F.2d 371, 377 (6th Cir. 1989) (filing of false disciplinary charges is not a constitutional violation unless charges were filed in retaliation for the exercise of a constitutional right).

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." (Id.)(quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir.

11

2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (Id.)(quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)). Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him." Rauser, 241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)). The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events. See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005). Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

Under Rauser, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. Id. at 334.

With respect to the first prong of Rauser, the submission

12

of grievances is constitutionally protected conduct. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Since Plaintiff alleges that the purported retaliatory conduct was taken in response to his initiation of grievances, the first prong is arguably satisfied at this juncture in the proceedings.

The second prong of Rauser adverse action requires that Lorenzno allege that he suffered adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. The third Rauser prong requires a prisoner must prove that his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. As previously discussed, Plaintiff assert that he was issued two retaliatory baseless misconducts.

The initial disciplinary charge referenced in the Complaint was not filed by the Defendant, but rather by a non-defendant correctional officer. This Court agrees that since it appears that Plaintiff spent thirty (30) days in disciplinary confinement, the adverse action requirement/second prong of Rauser is also arguably satisfied with respect to the first misconduct. However, Defendant Reihart is only listed as being a witness on the misconduct charge. See Doc. 1-1, Exhibit 8. The Plaintiff does not present any facts which could adequately establish personal involvement by the Defendant in this purported act of retaliation. There is no indication that

13

Reihart directed or encouraged the initiation of the charge. There are also no facts alleged showing a casual link between the inmate's exercise of a constitutionally protected right and the alleged act of retaliation as required by Rauser and Mitchell. Based upon those considerations a viable claim of retaliation with respect to the initial misconduct charge has not been raised against the Defendant.

With respect to the second referenced misconduct, said charge was filed by LPN Reihart. However, records provided by the Plaintiff clearly show that this misconduct was dismissed with prejudice because it was established that the Defendant and a correctional officer were both under the false impression that the prisoner did not have a pass for the pill line and was on cell restriction. See Doc. 1-1, p. 41.

The disciplinary charge was dismissed and there are no facts showing that Plaintiff suffered any adverse consequences whatsoever, as such, this was not the type of adverse activity which was sufficient to deter a person of ordinary firmness from exercising his constitutional rights. Consequently, the adverse action requirement of Rauser has not been met. Furthermore, Lorenzano has also not adequately shown that his exercise of constitutionally protected activity was a motivating factor for the issuance of the misconduct. This is simply not a case where a prisoner alleges a casual link between the exercise of

14

constitutional rights and the adverse action. See Thomas v. McCoy, 467 Fed. Appx. 94, 96 (3d cir. 2012). Rather, the facts presented by Plaintiff provide only that the charge was the result of a mistaken belief by the Defendant and a non-defendant correctional officer that the inmate was not authorized to be outside of his cell.

In conclusion, the Plaintiff has not satisfied his burden of describing a series of events from which retaliation may be plausibly inferred. Pursuant to the above discussion, a viable claim of retaliation has not been asserted in the Complaint.

**Administrative Relief**

Plaintiff also vaguely indicates that the Defendant provided false information in response to his administrative grievances. It is well settled that inmates also do not have a constitutional right to a prison grievance system. See Jones, 433 U.S. at 137-138; Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001))("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") A prisoner's dissatisfaction with responses to his grievances by correctional officials does not support a constitutional claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp.

15

261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the above discussion, Plaintiff's vague claim that Reihart provide false information in response to the inmate's administrative grievances also does not set forth a viable constitutional claim.

## Conclusion

Since Lorenzano's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: JUNE 23rd, 2017